Bradly A. Carlson
The Law Office of Bradly A. Carlson, L.L.C
645 G Street, Suite 100 #558
Anchorage, AK 99501
P: (907) 677-8111
F: (907) 917-2075
Email: brad@bcarlsonlaw.com

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No.: 3:19-cr-00095-JMK-MMS |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| BLAKE LINCOLN SMITH, | ) | |
| Defendant. | ) | |

**COMES NOW**, Defendant Blake L. Smith ("Blake"), by and through his counsel of record, Bradly A. Carlson with The Law Office of Bradly A. Carlson, L.L.C., and submits this Sentencing Memorandum setting forth the factors for the Court to consider in determining what type and length of sentence sufficiently complies with the statutory directives set forth in 18 U.S.C. § 3553(a) without being greater than necessary.

Ultimately, Blake respectfully requests that this Honorable Court impose a sentence between 63 and 78 months of incarceration.[1]

## I. APPROPRIATE GUIDELINE CALCULATION

The Presentence Report ("PSR") states that the appropriate guideline level in this matter is 92 to 115 months.[2] This analysis is based upon a total offense level of 23 and a Criminal History Category of VI.[3] Blake requests that the Court depart from Blake's Criminal History Category because Blake's Criminal History Category over-represents the seriousness of his criminal history. Moreover, Blake requests the Court to consider that he has been sentenced to nearly 54 months on his State of Alaska Petition to Revoke Probation, case no.: 3HO-15-00179CR, for misconduct that stems from the same misconduct that he has pled guilty to in this matter.[4] Ultimately, after considering the appropriate 18 U.S.C. § 3553(a) factors, the Court should sentence Blake to a term of imprisonment between 63 and 78 months, which is a total offense level of 20 and Criminal History Category V.

---

[1] Blake has attached the following exhibits to this Sentencing Memorandum for the Court's Consideration: A. State of Alaska Petition to Revoke Probation; B. Blake's Letter to the Court; C. Character Letters; and D. Family Photos.
[2] Presentence Report, dated Sep. 14, 2020, ¶ 92.
[3] *Id.*
[4] Exhibit A.

### A. Blake has Accepted Full Responsibility for his Role in the Offense.

The PSR states that Blake has "[c]learly demonstrated acceptance of responsibility for the offense."[5] From day one, Blake has been forthcoming with his role in the offense. Blake's acceptance of responsibility is best demonstrated in his letter to the Court where he states "I take full responsibility for my actions. I know what I was doing was wrong, ruining my community, my family, and myself."[6]

### B. The Court Should Assign a Blake a Criminal History Category of V Because Blake's Criminal History Substantially Over-Represents the Seriousness of Blake's Criminal History

If "[d]efendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history," USSG §4A1.3(b) allows for downward departure.[7] The commentary further provides: "[a] downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instance offense and no other evidence of prior criminal behavior in the intervening period."[8]

The PSR assigned sixteen total criminal history points to Blake's Criminal History Category.[9] Four of these points are based on four one-point offenses under USSG § 4A1.1(c).[10] Two of those one-point offenses consist of misdemeanor driving with licenses

---

[5] PSR. at ¶ 25.
[6] Exhibit B.
[7] USSG §4A1.3(b).
[8] Commentary to USSG §4A1.3(b), n.3.
[9] Presentence Report, at ¶ 52.
[10] *Id*. at ¶ 50.

DEFENDANT'S SENTENCING MEMORANDUM *United States v. Smith*
Page 3 of 12 Case No.: 3:19-cr-00095-JMK-MMS

Case 3:19-cr-00095-JMK-MMS   Document 67   Filed 10/26/20   Page 3 of 12

suspended/revoked offenses from 2011 through 2012.[11]  Moreover, two of those points are a misdemeanor driving with a licensed suspended/revoked in 2013.[12]  That is a total of four points added on to Blake's Criminal History Category for driving offenses that occurred six years before the instant offense.  Based upon those driving offenses alone, Blake's criminal history category goes from a category V to a category VI.  The driving offenses create an incarceration guidelines difference of 92-114 months down to 84-105 months.

In this case, the conduct that Blake is being punished for is being in possession of controlled substances while being in possession of a firearm when he has a prior felony.  While this is very serious misconduct, Blake's Criminal History Category should not be enhanced for driving without a license many years before the offense.  The USSG support a downward departure of Blake's Criminal History Category from VI to V.  For those reasons, the Court should find that Blake's criminal History Category is a category V.

## C.   Blake Should Receive a Two-Level Downward Variance for Waiving his Right to be Present

On August 10, 2020, the United States Attorney for the District of Alaska sent a letter alerting the CJA Panel that defendants who agree to sentencing by December 31, 2020, and who waive their in-person presence at the sentencing hearing, will receive a discretionary incentive of a two level downward variance from the guideline range as determined by the Court at sentencing.   Here, Blake has waived his presence and has

---

[11] *Id*. at ¶¶ 41, 43.
[12] *Id*. at ¶ 45.

agreed to be sentenced prior to December 31, 2020. Therefore, the Court should apply a two-level downward variance from the appropriate sentencing guidelines.

## II. SENTENCING FACTORS SUPPORTING A REASONABLE SENTENCE OF 63-78 MONTHS

Pursuant to 18 U.S.C. § 3553(a)(4), the Court should consult the appropriate sentencing guideline range when fashioning a sentence.[13] The Court must render its final determination concerning an appropriate sentence in light of the factors outlined in 18 U.S.C. § 3553(a), which include "[t]he nature and circumstances of the offense and the history and characteristics of the defendant."

The Court may deviate from the guidelines if the deviance produces an otherwise reasonable sentence. District Courts have routinely varied from guideline sentences based on disagreements with the guidelines, including policy disagreements, as discussed in Section II, *infra*.[14]

In this matter, a deviation to a period of 63-78 months imprisonment is necessary to reflect the seriousness of the offense. Pursuant to 18 U.S. C. § 3553(a), the Court should consider the following factors, taken together:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant.

The facts show Blake grew up with alcoholics and drug users.[15] During his youth Blake became a drug addict, and continued with his addition throughout his early adult

---

[13] *United States v. Booker*, 503 U.S. 200 (2005).
[14] *See Spears v. United States,* 555 U.S. 261 (2009); *Kimbrough*, 552 U.S. at 109–10.
[15] Exhibit B.

life.[16] In 2015, Blake put himself into treatment..[17] During that time, he met the mother of his child and had a baby.[18] Shortly after proposing to his girlfriend, Blake learned that his brother was shot and became a quadriplegic.[19] Blake slowly started to use drugs again, and eventually started selling drugs to compensate for his use.[20]

Blake's past reveals he is a recovering drug addict who has faced great adversity.[21] He realizes that his conduct and actions are wrong.[22] He turned to selling drugs to support his own addiction and help his family financially.[23] His goal is to attend barber school and become clean and sober permanently.[24]

(2)    the need for the sentence imposed

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence of criminal conduct;

This is the longest period of incarceration that Blake will serve. More importantly, he now has a child to set an example for. Blake knows that if he does not make lifestyle changes, he may never see his child again. Blake's career goals show he has a concrete plan to take him out of his life of addiction and crime.

(C)    to protect the public from further crimes of the defendant; and

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*

The PSR agrees that a below guideline sentence is adequate to protect the public while ensuring that Blake has the proper support to reintegrate into society.[25]

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Blake has limited work skills or employment history. He should be given every opportunity to take advantage of all available programs to enhance post-incarceration employment opportunities.

(3)     the kinds of sentence available;

This factor is not applicable.

(4)     the kinds of sentences and sentencing range set forth in the guidelines;

This factor is not applicable.

(5)     the policy statements set for in the guidelines;

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

The PSR Sentencing Recommendation recommends a below guidelines sentence.[26] The justification for the recommendation is that a sentence down to the mandatory minimum is "[i]nsufficient to account for all of the factors in this case as it would fail to address the increased risk of danger created by the defendant possessing a handgun while distributing controlled substances."[27] The PSR Sentencing Recommendation does not take into consideration the fact that Blake is going to serve nearly 54 months (4.5 years) on his

---

[25] PSR at 2.
[26] *Id*. at 3.
[27] *Id*.

PTRP with the State of Alaska.[28] Blake's probation is being revoked for the exact same conduct that he is being sentenced for in this matter. If the Court were to impose the PSR Recommended Sentence, Blake would serve nearly 134 months of imprisonment for his misconduct. Taken together, this would create a significant sentencing disparity for the conduct that Blake pled guilty to.

(7) the need to provide restitution to any victims of the offense.

This factor is not applicable.

## III. ADDITIONAL CONSIDERATIONS

**A. The Court Should Order that Blake's Federal Sentence Runs Concurrent with his State Sentence Because the Time Imposed on his State Petition to Revoke Probation is for the Same Relevant Conduct**

Relevant conduct is the range of conduct that is relevant to determining the applicable offense level under the USSG.[29] Pursuant to USSG § 1B1.3, relevant conduct includes "[a]ll acts and omission committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . .."[30] Blake objected to paragraph 49 of the PSR and stated that pursuant to USSG § 5G1.3, that his conduct in this case is relevant to his State of Alaska matter. The United States objected and argued, without citation, that Blake's State of Alaska matter is not relevant to this matter because

---

[28] Exhibit A.
[29] *See* USSG § 1B1.3.
[30] *Id*. at (a)(1)(A)-(B).

it is relevant to "[t]he state court that will impose sentence in his state probation revocation."[31]

Exhibit A to this Sentencing Memorandum is a copy of the Petition to Revoke Probation in case no.: 3HO-15-00179CR. Page 4 contains "additional information," which describes the same factual basis that Blake pled guilty to.[32] The one discrepancy is the date difference of the offense date. Since Blake was taken into custody the same day that he was arrested, it is clear that the one-day difference is an error. Blake's conduct is exactly the type of conduct that the USSG contemplates under relevant conduct. The conduct included the same firearm and controlled substances.

The United States also points out that Note 4(C) to USSG § 5G1.3(d) explains that the "Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation."[33] Blake recognizes that point is well made. However, the USSG are advisory and not mandatory.[34] Moreover, the United States also states that § 5G1.3(d) is the authority remaining to allow the Court to impose a concurrent sentence "[t]o achieve a reasonable punishment."[35] The United States then argues that running the two sentences concurrently would "[n]eedlessly frustrate the State of Alaska's sentencing regime."[36]

---

[31] PSR, Addendum to the Presentence Report, at 1.
[32] Exhibit A at 4.
[33] USSG §5G1.3(d), n 4(C).
[34] *Booker*, 503 U.S. at 200.
[35] PSR, Addendum to the Presentence Report, at 2 (citing USSG § G1.3(d)).
[36] *Id*.

The United States cites no mandatory authority that does not allow the Court to run Blake's federal and State of Alaska sentences concurrently. Blake's conduct is relevant conduct because it is the exact same chain of events that led to his arrest. By arguing that his conduct is not relevant, the United States is attempting to create a significant disparity in Blake's sentence from other similarly situated defendants. A sentence of 134 months is not a reasonable punishment. Rather, running the two sentences of imprisonment concurrently creates a more reasonable punishment.

If the Court finds that Blake is serving a term of imprisonment that is relevant to the conduct of the instance offense of conviction, "[t]he court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."[37] In this case, Blake was arrested on July 23, 2019, and he was taken into custody the same day. He did not enter federal status until August 27, 2019. Therefore, to receive credit for period of time from July 23, 2019, to August 26, 2019, the Court should adjust the sentence.

**B.  Location**

Blake requests that the Court recommend that he be imprisoned at Federal Correctional Institution, Sheridan so he can be closer to family.

---

[37] USSG § 5G1.3(b)(1)-(2).

C.  **Residential Drug Abuse Program**

Blake has a documented history of substance abuse, and should get an RDAP referral. He will clearly benefit from a substance abuse evaluation and should participate in any recommended treatment while incarcerated and/or during his time of supervised release.[38]

D.  **Fine and Inability to Pay**

The Court may dispense with a fine entirely if a defendant shows a present and future inability to pay the fine.[39] The fact that a defendant is represented by appointed counsel is a significant indicator of a defendant's present inability to pay.[40] Blake is currently represented by court appointed counsel and has limited education and employment history. He cannot afford to pay any fine.

E.  **Denial of Federal Benefits**

The Court should not deny Blake his federal benefits, despite having the power to do so.[41] Blake's age, willingness to participate in programs for future job training, and financial circumstances make it such that he will need federal benefits. Denying federal benefits will place Blake in a position that will make it more difficult for him to rehabilitate himself and be a productive member of society upon his release.

---

[38] *See* 18 U.S.C. § 3553(a)(2)(D).
[39] USSG § 5E1.2, commentary note 3.
[40] *Id*.
[41] PSR at ¶ 88-89; 21 U.S.C. § 862(a)(1)(B).

## IV.  CONCLUSION

In closing, Blake fully accepts responsibilities for his actions. He realizes that he has made poor choices in life that largely stem from drug addiction. He also realizes that he needs to move past his poor choices and become a better father and role model. Blake plans to become a barber and move past the triggers in life that have led him to drug addiction. Blake recognizes the seriousness of the offense and is prepared to serve an adequate and reasonable term of imprisonment. An adequate, and reasonable term of imprisonment is 63-78 months that runs concurrently with his State of Alaska case.

Respectfully Submitted this 26th day of October 2020.

/S/ Bradly A. Carlson
645 G Street, Suite 100 #558
Anchorage, AK 99501
P: (907) 677-8111
F: 1-907-917-2075
Alaska Bar No. 1606056

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of October 2020, a true and accurate copy of the Defendant's Sentencing Memorandum has been caused to be served via electronic filing to the parties, including:

AUSA Allison Meredith O'Leary

*/S/* Bradly A. Carlson
Bradly A. Carlson